IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FORREST KRAMER, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 02-CV-4355 |
| WEBCRAFT TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | : | |

**JOINT CASE REPORT**

A.   Statement of the Facts

   1.   Plaintiff's Statement

   Plaintiff was hired by Defendant on or about April 20, 1992 as second assistant. Plaintiff worked diligently and professionally until August 7, 2000. Plaintiff's work was praised on many occasions. Over the period of 8 ½ years, Plaintiff was hurt at work about five times. Every time, Plaintiff recovered and was able to go back to work. Plaintiff is 50-years old. After Plaintiff's last injury at work, Plaintiff was fired. Plaintiff was hurt on July 14, 2000 and was able to go back to work (medically) by September 19, 2000 on full duty. Fran Kerrigan fired Plaintiff and told him he had too many accidents and that his service was no longer needed. Another employee who has had an injury at work has been promoted to supervisor. His name was Jonathan Green, age in 30's. Unlike Plaintiff, this younger individual was not fired, but promoted after being injured.

   Plaintiff believes he was replaced with a younger worker. Plaintiff believes he has been discriminated against because of his age and disability. The employer has refused to accommodate his disability.

   This Honorable Court has jurisdiction over this matter pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. and the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

   2.   Defendant's Statement

   Forrest Kramer was employed by Webcraft Technologies ("Webcraft") from April 1992 through August 2000. Webcraft is in the business of printing direct marketing materials. Kramer's last position with Webcraft was that of First Assistant, a job which required him to work on the plant floor operating parts of printing machines. Because of the potential for injury while working with printing machines, Webcraft invests considerable time and effort training its employees on safe work practices and has safety procedures in place.

Webcraft employees are also subject to rules of conduct, safety and discipline, which allow termination after the second occasion of an employee's willful disregard for safety rules. Kramer engaged in a series of unsafe acts while at work, resulting in injury to himself. He was, therefore, discharged for violation of the safety rules.

B.   Statement of Causes of Action and Relief Sought

Plaintiff has brought claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*

The elements of a *prima facie* case of a claim of discriminatory discharge under the ADA or ADEA are that: 1) the plaintiff is a member of a protected class (i.e. a disabled person within the meaning of the ADA or over 40 years old), 2) the plaintiff was qualified for the position he held, 3) the plaintiff was terminated, and (4) the plaintiff was replaced by someone not in the protected class. If the Plaintiff can establish a *prima facie* case, the burden of production shifts to Defendant to articulate a legitimate business reason for discharging the Plaintiff. Once the Defendant articulates a legitimate business reason, the Plaintiff must prove that the articulated reason was merely a pretext for discrimination.

Plaintiff seeks back pay plus reinstatement or, in the alternative, back pay plus front pay.

C.   Statement of Defenses

Webcraft contends that Kramer cannot establish a *prima facie* case of disability discrimination because he was not a disabled person within the meaning of the ADA. Webcraft also contends that he cannot state a *prima facie* case of age discrimination because he was replaced by someone older than he is. With respect to Defendant's legitimate business reason for its decision, Webcraft terminated Kramer due to his repeated violation of the safety rules, not because of his disability or age.

Defendant's affirmative defenses are based primarily on the facts noted above and related legal theories.

D.   Initial Disclosures

Plaintiff has served his Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Defendant will serve its Initial Disclosures by the date of the pretrial scheduling conference.

E.   Date for Discovery Completion

1.   Plaintiff proposes:

180 days    Completion of discovery (May 7, 2003).

-3-

    2.    Defendant proposes:

| | |
|---|---|
| 90 days | Identification of Plaintiff's experts |
| 120 days | Identification of Defendants' experts<br>Completion of factual discovery |
| 150 days | Completion of expert depositions |
| 180 days | Submission of dispositive motions |

F.    <u>Necessary Parties</u>:  All necessary parties have been joined.

G.    <u>Settlement Discussions</u>

    A mediation conference was held before the Equal Employment Opportunity Commission on April 12, 2001, which did not result in a settlement of the matter.  The parties have not engaged in settlement discussions subsequent to the filing of this lawsuit.

H.    <u>Counsel Attending Settlement Conference</u>

    Counsel for Plaintiff:  Robert R. Pandaleon

    Counsel for Defendants:  Hope A. Comisky, Natalie Abbott

| | |
|---|---|
| _____ | _____ |
| Richard J. Orloski | Hope A. Comisky |
| Robert R. Pandaleon | Natalie S. Abbott |
| Oroloski, Hinga, Pandaleon & Orloski | Pepper Hamilton LLP |
| 111 N. Cedar Crest Boulevard | 3000 Two Logan Square |
| Allentown, PA 18104-4602 | Eighteenth and Arch Streets |
| | Philadelphia, PA 19103-2799 |
| | |
| *Attorneys for Plaintiff, Forrest Kramer* | *Attorneys for Defendant,*<br>*Webcraft Technologies* |